The Citizens Bank of Louisiana *v.* Louis Urbain Gaiennié.

Appeal from the Parish Court of New Orleans, *Maurian*, J.

Simon, J.　An order of seizure and sale having been sued out by the Citizens Bank of Louisiana, against certain property mortgaged by the defendant, Gaiennié, to secure the payment of a loan of money, by an authentic act, executed on the 27th of December, 1839, and duly recorded in the office of the Recorder of Mortgages; and the property mortgaged having been seized and sold in due course of law by the sheriff, and adjudicated to the mortgagees in satisfaction of their claim, John C. Delavigne, the plaintiff in the suit of *Delavigne, Syndic* v. *Gaiennié et al.*, just decided, first intervened in the proceedings, praying that he be decreed, as anterior judicial mortgagee, to be entitled to be paid the amount of his judgment, out of the proceeds of the sale of said property, in preference to the Citizens Bank; and he afterwards obtained a rule upon the sheriff to show cause why he should not pay over to him, the opponent, the sum of $458 51, as the amount due on his said judgment.

The rule was answered by the Citizens Bank, who opposed the application, on the ground that, according to the books of the Recorder of Mortgages, as appears from the certificates, there was no mortgage whatever on the property of the mortgagor sold in this case, at the time the mortgage of the bank was executed and recorded.

The judge *a quo* made the rule absolute, and rendering a judgment somewhat hypothetical, and even contingent in its effect, ordered the sheriff to pay the money to the opponent, only when the judgment of the District Court upon which the latter relied, (rendered some time previously, but from which an appeal had been taken to this court,) should be in a situation to be carried

into execution. From this judgment, the Citizens Bank has appealed.

In the case just decided between the same parties, we have said that the pretended judicial mortgage of the appellee, having been erased by virtue of a judgment rendered by a court of competent jurisdiction, did not exist on the books of the Recorder of Mortgages at the time the appellants' mortgage was executed and recorded ; and that, no attempt having even been made then, or before to revive it, we were firmly of opinion, that with regard to the said appellants, who were not bound to look beyond the judgment ordering its cancellation, the judicial mortgage of the appellee, though illegally cancelled, could not be reinstated, so as to affect the rights acquired, since its erasure, by third persons.

It results, therefore, from the judgment just rendered by us in the first suit, reversing the decree of the District Court upon which the final adjustment of the matter in controversy in this suit depended, that the judgment alluded to in that now under consideration, can never be carried into execution, and that the rule obtained by the appellee must be discharged.

It is, therefore, ordered and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, and that the rule upon which it was rendered, be discharged, with costs in both courts.

*Denis* and *Pitot*, for the appellants.

*Delavigne*, pro se.